```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

Ontario Lamar Gainey            :
                                :
    Petitioner,             :
                                :
v.                              :   CASE NO. 3:08-CV-744(RNC)
                                :
United States of America        :
                                :
    Respondent.             :

                                             RULING AND ORDER

        Petitioner, a federal inmate proceeding pro se, has moved pursuant to 28 U.S.C. § 2255 for an order vacating his sentence for violating the conditions of his supervised release. For the reasons that follow, the motion is denied.[1]

        In 1995, petitioner was sentenced in the Eastern District of North Carolina to imprisonment for 132 months followed by supervised release for five years for a violation of 21 U.S.C. § 846. While in federal custody, he successfully completed a drug-rehabilitation program and, as a result, the Bureau of Prisons reduced the amount of time he had to serve in prison by three months, although the Bureau had discretion to give him a reduction of up to twelve months. See Lopez v. Davis, 531 U.S. 230, 239-40 (2001) (if the prerequisites of 18 U.S.C. §

---

[1] On September 19, 2008, the Court of Appeals denied an application filed by petitioner seeking leave to file a second successive motion to vacate, set aside, or correct his sentence, and the underlying motion was transferred to this Court for further action as if it had been filed here in the first instance.  That motion [doc. # 10-3] is hereby denied as moot.

3121(e)(2)(b) are met, the Bureau may, but also may not, grant early release of up to twelve months).  After he completed his prison term, he moved to Connecticut and jurisdiction over his supervised release was transferred to this District.

On May 4, 2007, while still on supervised release, petitioner was sentenced in Connecticut Superior Court to a term of fifty-four months' incarceration for possession of narcotics. He subsequently appeared before this Court, pleaded guilty to violating the conditions of his supervised release, and was sentenced to nine months' imprisonment to run consecutively to his state sentence with no supervised release to follow.  He now challenges this nine-month sentence.  His claim appears to be that because this Bureau of Prisons gave him only a three-month reduction for completing the drug-rehabilitation program, rather than a reduction of twelve months, the nine-month sentence he subsequently received should be vacated.

To obtain relief under § 2255, a movant must show that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  Petitioner has not made this showing.  His grievance regarding the reduction he received for completing the drug-rehabilitation program under 18 U.S.C. §

3521(e)(2)(b) does not provide a legal basis for reducing the sentence he received for violating the conditions of his supervised release.

    Accordingly, the motion is hereby denied.

    So ordered this 8th day of January 2009.

                                                /s/ RNC
                                     Robert N. Chatigny
                              United States District Judge